IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH-ANN K. MOTOYAMA,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII, DEPARTMENT OF TRANSPORTATION; GLENN OKIMOTO, in his official capacity; JOHN DOES 1-10; JANE DOES 1-10; DOE GOVERNMENT AGENCIES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE INDIVIDUALS 1-10,<br><br>Defendants. | CIVIL NO. 10-00464 ACK-RLP<br><br>MEMORANDUM OPINION AND ORDER REGARDING DISCOVERY LETTER BRIEFS |

MEMORANDUM OPINION AND ORDER REGARDING DISCOVERY LETTER BRIEFS
===

Defendant State of Hawaii, Department of Transportation and Glenn Okimoto, in his official capacity as Director of Department of Transportation ("Defendants") and Plaintiff Elizabeth-Ann K. Motoyama submitted letter briefs requesting expedited discovery assistance pursuant to Local Rule 37.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii.[1]  After carefully reviewing the submissions and relevant legal authority, the Court orders as follows:

---

[1] Although the Court permitted letter briefs that were not in compliance with Local Rule 37.1 in this instance, the parties are directed to adhere to the requirements of the rule for all future submissions.

### 1. Release to Obtain Medical Records

Plaintiff claims that she suffers from depression, anxiety, diabetes, and dental disease as a result of the claims alleged in this lawsuit. See Pl.'s Depo. Tr. at 225-26, 241-42. Plaintiff has also named as expert witnesses in this case her primary care physician, treating psychiatrist, behavioral therapists, orthopedic surgeons, occupational health specialist, and physical therapist. See Docket No. 69 at 2-5. The Court finds that Plaintiff has put at issue in this case her mental and physical health. Pursuant to Rule 26(a)(1)(A)(iii), Plaintiff is required to make available documents which evidence her injuries. Therefore, Defendants are entitled to obtain the medical records regarding those injuries. Although it appears that Plaintiff has made multiple productions of various medical records, Defendants are entitled to subpoena the relevant records directly from Plaintiff's health care providers so that the documents obtained can be verified for purposes of admissibility.

The Court agrees, however, that the scope of the medical records requested should be reasonably limited in time and to protect Plaintiff's privacy rights. Although Plaintiff began her employment with Defendants in 2007, there is evidence that Plaintiff was seeking care prior to that time for issues that may be related to depression and anxiety. See Pl.'s Depo. Tr. at 228-30. Defendants are entitled to obtain medical records

directly from Plaintiffs' providers for the time period from January 2002 to the present. The Court finds that this ten-year limitation is a reasonable compromise between Plaintiffs' privacy rights and Defendants' rights to obtain information related to Plaintiffs' potential pre-existing conditions. Additionally, the medical records obtained shall be used by the parties solely for the purpose of this case. Defendants are ORDERED to prepare a written release form limiting the request to documents from January 2002 to the present and submit it to Plaintiff within seven days following issuance of this Order. Plaintiff is ORDERED to sign the release and return it to Defendants within five days of receiving it.

**2. Independent Medical Examination**

Pursuant to Federal Rule of Civil Procedure 35(a)(1), a court may order "a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination." To justify an examination under Rule 35, Defendants must demonstrate that Plaintiff has placed her mental condition "in controversy," and "good cause" for the examination. Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). The Court finds that Defendants are entitled to require Plaintiff to submit to an independent medical examination ("IME"). First, as noted above, Plaintiff has put her mental condition at issue in this case. Second, in determining good cause, courts generally consider

various factors including, the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing conditions.  Here, Plaintiff has identified several expert witnesses that she plans to call related to her medical conditions, her current mental and physical condition is relevant to damages in this case, and Plaintiff claims that her conditions are ongoing.  Accordingly, Defendants have adequately demonstrated that Plaintiff should be ordered to submit to an IME.

The Court ORDERS that Plaintiff's IME take place before March 1, 2012, and last no longer than three hours.  Plaintiff's request that the IME be spread out over several days if it lasts longer than one hour is not reasonable.  Although the Court understands that Plaintiff has certain limitations on her time in the coming months, it is reasonable that she make herself available for a three-hour time period for the IME before March 1, 2012, given the upcoming expert disclosure deadlines.  The Court ORDERS the parties to confer in writing and agree upon a date and time for the IME within the next seven days.

**3. Expert Reports**

According to the Amended Rule 16 Scheduling Order dated December 14, 2011, Plaintiff's expert disclosures are not due

4

until February 22, 2012; Defendant's are due March 22, 2012.  See Docket No. 88.  Although both parties' arguments regarding the necessary disclosures are premature, the Court will address those concerns in an effort to prevent future disputes on this issue.  Before the Rule 16 Schedule Order was amended in mid-December, Plaintiff submitted expert disclosures under the prior scheduling order naming the following expert witnesses to testify regarding her medical conditions:  Bryan T. Tanabe, M.D.; Michael V. McCanless, M.D.; Renee Nama Bells, Ph.D.; Miki Kurakaya, L.C.S.W.; David G. Mathews, M.D.; Mark D. Santi; Joseph D. Costanzo; Kacy M. Nekoba; and an unnamed expert in dental disease.  See Docket No. 69 at 2-5.

The Court disagrees with Defendants' assertion that Plaintiff is required to provide reports from all of these experts.  Under Federal Rules of Civil Procedure Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present [expert testimony]."  Fed. R. Civ. P. 26(a)(2)(A).  Rule 26(a)(2)(A)'s disclosure requirement applies to all witnesses providing expert testimony, including percipient witnesses with direct knowledge of the facts of the case.  See Durham v. Cnty. of Maui, Civil No. 08-00342 JMS/RLP, 2011 WL 2532690, at *3-*4 (D. Haw. June 23, 2011) (citing Musser v. Gentiva Health Servs., 356 F.3d 751, 758 (7th Cir. 2004) ("even treating physicians and treating nurses

must be designated as experts if they are to provide expert testimony")).

Rule 26(a)(2)(B) provides that the expert disclosure must also include a written report *if the witness is specifically employed or retained to give expert testimony in the case*. Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Generally, treating physicians are not "specifically employed or retained" for purposes of providing expert testimony. <u>Goodman v. Staples The Office Superstore, LLC</u>, 644 F.3d 817, 824 (9th Cir. 2011). However, "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." <u>Id.</u> at 826.

Here, the following experts appear to be treating health care providers: Bryan T. Tanabe, M.D.; Michael V. McCanless, M.D.; Renee Nama Bells, PhD.; Miki Kurakaya, L.C.S.W.; David G. Mathews, M.D.; Mark D. Santi; Kacy M. Nekoba. Accordingly, to the extent these witnesses' testimony is limited to opinions formed during the course of their treatment of Plaintiff, Plaintiff is not required to provide expert reports for those witnesses. To the extent these witnesses are to provide testimony regarding opinions they formed outside of the course of treating Plaintiff, those witnesses would be required to provide an written expert report.

Based on Plaintiff's initial expert witness disclosure, it appears that two medical experts are being asked to provide opinion testimony that was not formed during the course of treating Plaintiff. First, it appears that Joseph D. Costanzo is going to be asked to provide expert testimony regarding his general experience related to requests for reasonable accommodation. See Pl.'s Depo. Tr. at 238; Docket No. 69 at 4. Second, it appears that the "unnamed expert in dental disease" is to provide testimony unrelated to any treatment of Plaintiff. Pl.'s Depo. Tr. at 241-42; Docket No. 69 at 5. Plaintiff would be required to provide written expert reports for these witnesses pursuant to Rule 26(a)(2)(B). These same requirements apply to any experts identified by Defendants, including rebuttal expert witnesses.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JANUARY 10, 2012

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**MOTOYAMA V. STATE OF HAWAII, ET AL., CIVIL NO. 10-00464 ACK-RLP;**
**MEMORANDUM OPINION AND ORDER REGARDING DISCOVERY LETTERS**